UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CR-51-TAV-CCS-7 |
| | ) | |
| CASSIE McKENZIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for early termination of supervised release and expungement of criminal conviction [Doc. 808]. The government responded in opposition to the defendant's motion [Doc. 832], and the defendant replied [Doc. 836].

The defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine [Doc. 103]. She was thereafter sentenced to 87 months' imprisonment, followed by a five-year term of supervised release [Doc. 249]. The defendant has completed over two years of her five-year term.

In support of her motion, the defendant asserts that she pursued restoration to her original status as a contracted cadet with the United States Army, but she was denied admittance primarily because she maintains supervisory status with this Court [Doc. 808]. The defendant states that she would also like to reconvene studies as a chemical engineering or business major [*Id.* at 2]. Her ongoing supervision, as well as her criminal conviction, according to the defendant, "further complicate[] future endeavors [that the

defendant] would like to pursue" [*Id.*]. Thus, the defendant asks this Court to release her from supervision in order to allow her "to further excell [sic] in her business studies[,] to actively move forward in [her] current job[,] and to seek administrative relief with the Department of Financial Accounting Systems concerning the Army in order to reenlist" [*Id.*]. The defendant also requests that this Court expunge her record, pursuant to 18 U.S.C. § 659 and *United States v. Stromick*, 710 F. Supp. 613, 614 (D. Md. 1989).

The government opposes both the defendant's request for early termination of supervised release and her request for expungement [Doc. 832]. The government specifically states that it "does not believe that this defendant is a good candidate for early termination of supervised release" [*Id.* at 1]. The government's opposition to the defendant's request for early termination is primarily based on an incident that occurred two weeks prior to the defendant's filing of the current motion. The defendant was a passenger in a car driven by a known Kitchen Crip gang member, who was pulled over for disregarding a red light [*Id.*]. She told the officer that she was "dating" the driver or "on a date" with the driver, a differentiation that is disputed by the parties [*Id.*; Doc. 836 p. 2]. The defendant claims that she "was not aware of his background" and that it was their first date [Doc. 836 p. 2].

The government asserts that the defendant failed to report this incident to her probation officer and failed to report that she was associating with a known criminal [Doc. 832 p. 1]. When the defendant finally discussed the traffic stop with her probation officer, the government asserts that the defendant became confrontational [*Id.* at 1–2].

2

The defendant claims in response that she did not react in a confrontational manner, but was instead "shocked and appalled" and has "a very dramatic characteristic which . . . is mistaken as confrontational" [Doc. 836 p. 2]. The defendant also states that she has discussed the problems addressed by the government with her probation officer and that they have "clarified the most recent issue" [*Id.* at 1].

With regard to the defendant's request that the Court expunge her criminal conviction, the government notes that the defendant cites to a statute related to embezzlement, rather than expungement [Doc. 832 p. 2]. Additionally, the government "knows of no authority for the defendant's record being expunged" [*Id.*]. The defendant replies with citations to 28 U.S.C. § 534(a) and *United States v. Schnitzer*, 567 F.2d 536 (2d Cir. 1977).

As the defendant is currently on supervised release, the relevant statute as to the defendant's request for early termination provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> (1)  terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1).

3

After carefully considering the requirements of the statute, the Court does not find, at this time, that the factors support an early termination of the defendant's supervised release. While the Court notes that the probation records reflect the defendant's continuing employment, negative drug screens, and lack of new arrests, the Court cannot overlook the defendant's recent association with a known criminal, her failure to report the incident to the probation office, and, furthermore, her confrontational reaction towards her probation officer. Thus, at this stage in her term of supervised release, the Court finds that continuation of this term is needed to reflect the seriousness of the offense and promote respect for the law.

With regard to the defendant's motion for expungement of her criminal record, the Court has reviewed cited law and can find no basis for expunging the defendant's conviction. In *Stromick*, a case cited by the defendant, a defendant contended that his youthful conviction—which had already been set aside under 18 U.S.C. § 5021(b)—should have been expunged from his record. 710 F. Supp. at 614. The District Court denied the defendant's petition for expungement of records, holding that "there is no statutory authority for the expungement of records in the hands of either federal or state authorities upon the set-aside of a conviction under 18 U.S.C. § 5021." *Id.* at 614–15. Thus, this case is both inapposite to the current matter and unsupportive of the defendant's requested relief.

Additionally, as noted by the government, 18 U.S.C. § 659 relates to the crime of embezzlement and is entirely irrelevant to expungement. Furthermore, 28 U.S.C.

4

§ 534(a) speaks to an unrelated topic—the acquisition, preservation, and exchange of identification records—and not the expungement of records, as claimed by the defendant. Finally, *Schnitzer* deals with a motion to expunge an *arrest* record following the dismissal of a petitioner's indictment. 567 F.2d at 537. The defendant in the current matter, however, was convicted of conspiracy to distribute cocaine. Thus, this Court finds no basis for granting the defendant's request to expunge her record.

In sum, the Court does not find that an early termination of the defendant's supervised release would be appropriate at this time based on the requirements of 18 U.S.C. § 3583(e)(1). Additionally, the Court does not find sufficient cause, or legal authority, to expunge the defendant's record. Accordingly, the defendant's motion for early termination of supervised release and for expungement of criminal conviction [Doc. 808] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE